IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

ANDREW COLBY LIVINGSTON, §
  #02209959 §
 §    CIVIL ACTION NO.  4:22cv339
VS. §
 §
DIRECTOR, TDCJ-CID §

**MEMORANDUM ORDER**

The above-entitled and numbered civil action was referred to United States Magistrate Judge Christine A. Nowak. The Magistrate Judge issued an Initial Report and Recommendation (Dkt. #20), which contains proposed findings of fact and recommendations for the disposition of Petitioner's motion for default judgment (Dkt. #19). Petitioner filed objections (Dk. #22) to the Report and Recommendation.

In his objections, Petitioner states that he did not consent to having the case referred to a Magistrate Judge, and therefore, Magistrate Judge Nowak lacked jurisdiction to issue the Initial Report and Recommendation in this case. As noted in the Initial Report and Recommendation, however, the case was referred to Magistrate Judge Nowak pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge. Petitioner is not required to consent to the United States Magistrate Judge issuing a Report and Recommendation. *See Valenzuela v. Director*, No. 6:13cv553, 2013 WL 4418535 at *1 (E.D. Tex. Aug. 13, 2013) (citing *Lineberry v. United States*, 436 F. App'x 293, 295 (5th Cir. 2010)).

Petitioner also asserts that default judgments are appropriate in habeas proceedings and that Respondent's failure to file a response to Petitioner's reply (Dkt. #18) entitles Petitioner to a default judgment in his favor. As Magistrate Judge Nowak concluded in the Initial Report and

1

Recommendation, default judgments are not appropriate in habeas proceedings. Petitioner complains that Magistrate Judge Nowak "uses only caselaw to make these assertions." (Dkt. #22, p. 8). The Court finds that Judge Nowak properly relied on caselaw to make her legal conclusions and that those conclusions are an accurate statement of the law. Indeed, the Fifth Circuit has established that default judgments are not appropriate in habeas petitions. *See, e.g.*, *Wiggins v. Procunier*, 753 F.2d 1318, 1321 (5th Cir. 1985); *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981); *Lemons v. Collins*, 992 F.2d 326, 1993 WL 152278, *1 (5th Cir. March 9, 1993) (unpublished). Petitioner does not cite any relevant caselaw supporting his argument that default judgments are appropriate in habeas proceedings. The Court also agrees with Magistrate Judge Nowak that Respondent is not required to respond to Petitioner's reply.

Petitioner further asserts that Judge Nowak should be recused because her issuance of rulings "in the face of Petitioner's objection to a magistrate referral raises questions and concerns" about Judge Nowak's "motives" and "places a shadow of doubt over both her impartiality and the presumption in her actions being of good faith." (Dkt. #22, p. 7). As noted above, however, Petitioner is not required to consent to the United States Magistrate Judge issuing a Report and Recommendation. Thus, the magistrate referral does not support recusal of Magistrate Judge Nowak. Petitioner also urges that Magistrate Judge Nowak should be recused based on her rulings in Petitioner's 42 U.S.C. § 1983 case, *Livingston v. Ward*, Civil Action No. 4:20-cv-474, and because her findings and conclusions in the Initial Report and Recommendation in this case demonstrate bias in favor of Respondent. The Supreme Court has stated that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United* States, 510 U.S. 540, 555 (1994); *see also Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003). Petitioner cites no evidence of bias other than Magistrate Judge Nowak's rulings, nor does he cite any

2

relevant authority in support of his proposition that Magistrate Judge Nowak should have been recused. The Plaintiff's construed motion to recuse Magistrate Judge Nowak (Dkt. #22) lacks merit.

Finally, Petitioner argues that he was not afforded due process in the state appellate courts. This argument goes to the merits of Petitioner's habeas claims, which have not yet been addressed by the Court. Notably, Judge Nowak's Initial Report and Recommendation does not address or resolve the merits of any of Petitioner's habeas claims; it only addresses Petitioner's motion for default judgment. As such, the Court declines to address the merits of Petitioner's due process arguments here.

Having conducted a *de novo* review of the Plaintiff's objections, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and adopts the same as the findings and conclusions of the court.

It is therefore **ORDERED** that Petitioner's motion for default judgment (Dkt. #19) is **DENIED**.

It is further **ORDERED** that Petitioner's construed motion to recuse Magistrate Judge Nowak (Dkt. #22) is **DENIED**.

**So ORDERED and SIGNED this 19th day of December, 2022.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE