IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ANDREW COLBY LIVINGSTON, #02209959 | § § § | |
| v. | § § | CIVIL ACTION NO. 4:22-CV-00339-SDJ-AGD |
| DIRECTOR, TDCJ-CID | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Petitioner Andrew Colby Livingston's ("Petitioner") motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or, in the alternative, for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) ("Motion") (Dkt. #31). Having reviewed the Motion, the other relevant pleadings, and the applicable authority, the Court finds that Petitioner's Motion should be denied.

On July 31, 2025, United States Magistrate Judge Aileen Goldman Durrett issued a Report and Recommendation ("the Report") (Dkt. #24) recommending that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that the case be dismissed with prejudice. Specifically, the Magistrate Judge recommended that Petitioner's Claims 2, 3, 4, and 5 be dismissed as unexhausted and procedurally barred and that Claim 1 be denied on the merits. The Court granted Petitioner' motion for an extension of time in which to file objections to the Report, ordering that his objections be filed no later than September 12, 2025. (Dkt. #26). On September 16, 2025, having received no timely objections, the Court adopted the findings and conclusions of the Magistrate Judge in its Order of Dismissal (Dkt. #27)

and issued Final Judgment (Dkt. #28) dismissing the case with prejudice. The next day, on September 17, 2025, the Clerk of Court docketed Petitioner's motion for leave to amend his petition (Dkt. #29), which was dated September 5, 2025, and received by the Court on September 15, 2025. Petitioner did not attach a proposed amended petition to his motion, nor did he outline or otherwise submit his objections to the Report in the motion. On September 18, 2025, the Clerk of Court docketed Petitioner's motion for an extension of time (Dkt. #30) in which to file an amended petition, which was dated September 11, 2025. Petitioner did not outline or otherwise submit his objections to the Report in this motion. Petitioner filed the instant Motion on September 26, 2025, and it was docketed on October 6, 2025. (Dkt. #31). Again, Petitioner did not outline or otherwise submit his objections to the Report in this Motion.

Rule 59(e) permits this Court to alter or amend the judgment due to (1) an intervening change in controlling law, (2) availability of new evidence not previously available, or (3) the need to correct a clear error of law or fact or prevent a manifest injustice. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567 (5th Cir. 2003). Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479; *Shackelford v. Harden*, No. 6:11CV701, 2012 WL 947668, at *1 (E.D. Tex. Mar. 20, 2012). Rule 59(e) motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. *See*

2

*Russ v. Int'l Paper Co.*, 943 F.2d at 593. Additionally, Rule 59(e) motions cannot be used as a vehicle for re-litigating old issues, presenting the case under new theories, obtaining a rehearing on the merits, or taking a "second bite at the apple." *Chi v. United States*, No. 4:12CR155(1), 2022 WL 17347781, at *1 (E.D. Tex. Nov. 30, 2022) (quoting *Sequa Corp v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

Petitioner asserts that the Court's Order of Dismissal (Dkt. #27) "did not acknowledge or rule upon [his] pending motions" (Dkt. #29, #30) and that "failure to consider and rule upon [his] timely motions constitutes a manifest error of fact and law warranting relief under Rule 59(e)." (Dkt. #31 at 2). Petitioner is mistaken. First, the Court did not rule on the motions in the Order of Dismissal because they were docketed after the Order of Dismissal and Final Judgment were entered. Second, Petitioner does not demonstrate that failure to rule on the motions constitutes a manifest error of law or fact. Neither motion outlined objections to the Report nor claimed that the Magistrate Judge erred in the Report. Furthermore, Petitioner did not submit a proposed amended petition with his motion for leave to amend, as required by Local Rule 7(k) of the Local Rules of Court for the Eastern District of Texas, or state the facts supporting any new ground for relief. He simply states that he "wishes to amend his petition so that it may not be barred from review by this Court." (Dkt. #29). But Petitioner fails to explain how he could amend his petition to supersede the prior decision of this Court or the AEDPA one-year limitations period

3

for any new claim he wished to assert. As such, there is no basis to grant the motion to amend.

As to Federal Rule of Civil Procedure 60(b), there are several grounds upon which a "final judgment, order, or proceeding" may be set aside. Plaintiff specifically invokes Rule 60(b)(1) and (b)(6). Rule 60(b)(1) provides that a court may relieve a party from a final judgment because of "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). Rule 60(b)(1) relief is only appropriate in "unique circumstances." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993). "Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief." *Id.* Rule 60(b)(6) permits a court to relieve a party from a final judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6).

Here, Petitioner presents no "unique circumstance" under Rule 60(b)(1) justifying relief from the Final Judgment. Nor does Petitioner offer any justifiable reason for the court to set aside its Final Judgment under Rule 60(b)(6). Instead, Petitioner baldly asserts that "[d]ismissal without consideration of timely pending motions undermines the fairness of the proceedings and deprives Petitioner of a meaningful opportunity to amend the petition." (Dkt. #31 at 2). For the reasons stated above, Petitioner's assertion is unavailing.

Accordingly, Petitioner fails to show that the Final Judgment should be altered, amended, set aside, or reconsidered.

4

## CERTIFICATE OF APPEALABILITY

An appeal from the denial of a Rule 59 or 60 motion after the denial of a § 2254 petition requires a certificate of appealability in all but very narrow circumstances. *See Austin v. Davis*, 693 F. App'x 342, 343 (5th Cir. 2017) (stating that a certificate of appealability is required to appeal the denial of a Rule 59(e) motion in a habeas case); *Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir.2007) (holding that a certificate of appealability is required to appeal the denial of a Rule 60(b) motion except "when the purpose of the motion is to reinstate appellate jurisdiction over the original denial of habeas relief"). A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where a district court rejected constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484.

Petitioner has failed to make a substantial showing of the denial of a constitutional right. He has failed to show that reasonable jurists could debate whether the instant Motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed. Accordingly, Petitioner is not entitled to a certificate of appealability as to the instant Motion.

It is therefore **ORDERED** that Petitioner's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or, in the alternative, for relief from judgment pursuant to Federal Rile of Civil Procedure 60(b), (Dkt. #31), is **DENIED**. It is also **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that all motions not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 22nd day of June, 2026.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE